UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IMAGINE 360 ADMINISTRATORS, LLC,
Plaintiff,
v.
ELEVANCE HEALTH, INC.,
Defendant.

Case No. 26-cv-08365-NC

**ORDER TO SHOW CAUSE**

Re: ECF 1

Defendant Elevance Health, Inc. removed this case to this Court from Santa Clara County Superior Court on August 12, 2026. This Order requires Defendant to "show cause" by filing a written response by August 31, 2026, explaining why this case should not be remanded back to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a).

Defendant claims there is diversity of citizenship. Defendant is an Indiana corporation with its principal place of business in Indiana. ECF 1 ¶ 10. Defendant states Plaintiff is a Texas LLC with its principal place of business in Pennsylvania and, "on

United States District Court
Northern District of California

information and belief," its members are citizens of Texas, Florida, and Pennsylvania. *Id.* ¶¶ 11, 12. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). Without affirmative information confirming the citizenship of Plaintiff's owners/members, this Court cannot assess whether complete diversity exists.

The Court finds that Defendant provided sufficient information to establish that the amount in controversy threshold is satisfied. ECF 1 ¶ 14.

In conclusion, Defendant has not established that federal subject matter jurisdiction is satisfied because it provides insufficient facts regarding the citizenship of Plaintiff's owners/members. Accordingly, Defendant must show cause in writing by August 31, 2026, why this case should not be remanded back to state court for lack of subject matter jurisdiction. Plaintiff may respond by September 8, 2026.

**IT IS SO ORDERED.**

Dated: August 17, 2026



NATHANAEL M. COUSINS
Chief United States Magistrate Judge